IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-12,095-11






EX PARTE PERRY WILEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24880 


 IN THE THIRD DISTRICT COURT FROM ANDERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a
public servant and sentenced to two years' imprisonment with credit for pre-sentence jail time of
over two years. This sentence was to begin when the sentence in his conviction for cause number
26278 from Bell County ceased to operate. 

 Applicant contends that he was released to parole in the Bell County case in 2009. At that
time, this sentence should have begun to run and due to his pre-sentence jail time credit, would have
immediately discharged. He alleges that the Texas Department of Criminal Justice (TDCJ)
rearrested him, stating that he was erroneously released because he needed to serve this conviction. 
He states that he has been held in TDCJ for over a year on this conviction, which should have
discharged. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing the date he was released to parole on his Bell County case, the date
this sentence began to run in this case, whether this sentence has ceased to operate, and how TDCJ
is calculating his sentences. The affidavit shall state under which cause number he is currently being
held and give the reasons for his return to TDCJ after his parole release. The affidavit should state
whether or not Applicant is receiving credit for any of the time spent on parole. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether this sentence has discharged, what
sentence Applicant is currently serving, and whether Applicant is receiving any time credit for the
time spent out on parole. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 28, 2012

Do not publish